**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| HOLLY WILLIAMS and KIMBERLY TALLMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 19-cv-3162 |
| MEMORIAL MEDICAL CENTER, | ) ) | |
| Defendant. | ) ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Memorial Medical Center's (Memorial) Motion to Dismiss Count III of Plaintiff's Complaint (d/e 9).  The parties have consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered December 2, 2019 (d/e 15).  For the reasons set forth below, the Motion is ALLOWED.

## STATEMENT OF FACTS

For purposes of the Motion, the Court assumes that all well-pleaded factual allegations in the Complaint are true and draws all inference in favor of the Plaintiffs. See Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

Plaintiff Holly Williams is deaf.  On June 28, 2018, Williams was rushed to Memorial's emergency room with nausea, vomiting, and severe abdominal pains, later diagnosed as gastric ulcers.  Williams requested an on-site American Sign Language (ASL) interpreter.  Memorial staff stated that an interpreter would arrive shortly.  In the interim, Memorial stated that they would use Video Remote Interpreting (VRI).  The VRI was not effective because it kept disconnecting.  Williams also had difficulty seeing the on-screen interpreter because she was prone on a gurney and in considerable pain.  Complaint (d/e 1) ¶ 12.

With no interpreter, Williams underwent a battery of examinations.  The examinations showed that Williams had severe abdominal bleeding and needed surgery.  Without an interpreter, Williams was forced to use lip reading and written notes to communicate with doctors and staff.  Due to her severe pain, Williams had difficulty reading lips and written notes.  Williams did not understand that she needed surgery or what the surgery would entail.   Memorial staff contacted Plaintiff Kimberly Tallman.  Tallman is Williams' mother.  Tallman said that she would come to Memorial.  Complaint ¶ 13.

On June 28, 2018, a deaf friend of Williams arrived at Memorial.  The friend requested an on-site ASL interpreter for Williams.  Complaint ¶ 14.

On June 28, 2018, at approximately 9:30 p.m., Tallman arrived at Memorial.  Tallman drove for three hours from her home in Belleville, Illinois, to get to Memorial in Springfield, Illinois.  By that time, Williams' surgery was finishing.  Williams' deaf friend who arrived at Memorial at 8:30 p.m. informed Tallman that Memorial did not have either an on-site ASL interpreter or VRI equipment.  Memorial staff told Tallman that they were working on the interpreting problem.  Tallman asked if she could stay with her daughter and try to help Williams communicate with Memorial doctors and staff.  Tallman felt compelled to interpret because Williams had no other means to communicate.  Tallman stayed overnight with Williams because she was afraid her daughter would be left alone without  any means of communication.  Complaint ¶ 15.

On the morning of June 29, 2018, Williams texted a friend who was a licensed interpreter for help.  Williams and Tallman complained to Memorial's patient experience liaison about Williams' lack of adequate interpreter services.  The liaison told them Memorial had multiple VRI equipment.  Williams' licensed interpreter friend arrived at Memorial and interpreted for her for 1.5 hours.  Thereafter, VRI equipment was used to interpret for Williams.  Williams was discharged from Memorial at 1:00 p.m. on June 29, 2018.  Complaint ¶ 16.

Based on these allegations, Williams brought claims for violation of the Rehabilitation Act, 29 U.S.C. § 704 (Count I), and violation of § 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116 (Count II). Tallman brought a claim in her own name for violation of the Rehabilitation Act, 29 U.S.C. § 704 (Count III).

ANALYSIS

Memorial moves to dismiss Count III for failure to state a claim and for lack of statutory standing. This Court recently addressed identical claims against Memorial by hearing associates of a deaf patient who allegedly were forced to interpret for the deaf patient at Memorial. Mansell v. Memorial Medical Center, Case No. 19-3130 Opinion entered October 1, 2019, (Case No. 19-3130 d/e 16), 2019 WL 4855138 (C.D. Ill. October 1, 2019). The same attorneys represented the parties in this case and in the Mansell case.[1] The Mansell decision addresses the arguments of the parties in detail and explains that Tallman lacks statutory standing and fails to state a claim. Mansell, 2019 WL 4855138, at *4-*8. The Court adopts its reasoning in Mansell and finds that Tallman lacks standing and fails to state a claim.

---

[1]The parties did not have the Mansell decision available to them when they briefed the Motion. Memorial filed the Motion before the Court issued the Mansell decision, and Plaintiffs filed their response the day that the Mansell decision was issued.

THEREFORE, IT IS ORDERED that Defendant Memorial Medical Center's (Memorial) Motion to Dismiss Count III of Plaintiff's Complaint (d/e 9) is ALLOWED.  Count III is dismissed and Plaintiff Kimberly Tallman is dismissed as a party to this case.

ENTER:   December 18, 2019


s/ *Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE